**UNITED STATES Of America**

v.

**Gerald Wayne MOORE, Appellant.**

No. 04–3532.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 17, 2006.

Decided Feb. 2, 2006.

George S. Leone, Mark E. Coyne, Office of United States Attorney, Newark, NJ, for United States of America.

Chester M. Keller, Office of Federal Public Defender, Newark, NJ, for Gerald Wayne Moore.

Before ROTH, FUENTES, and BECKER, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Appellant Gerald Wayne Moore's response to this Court's Order dated March 2, 2005 regarding the applicability of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), states that he "wishes to challenge his sentence under [*Booker* ]." Pursuant to said Order, such a statement is to be "construed as waiving any issues related to the conviction." We therefore address only the sentencing issue.

In *United States v. Davis,* 407 F.3d 162 (3d Cir.2005) (*en banc*), this Court stated that except in limited circumstances, we will presume prejudice and direct a remand for resentencing where the District Court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory. That was the situation here, and we perceive no circumstance in this case which warrants a different result than that found in *Davis.*

Having determined that the sentencing issues Appellant raises are best determined by the District Court in the first instance, it is ORDERED and ADJUDGED that the Appellant's request for

summary remand is GRANTED. The Appellant's sentence is VACATED and this matter is REMANDED for resentencing in accordance with *Booker*.